**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 04-4541**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ERIKA LEIGH PURYEAR,

Defendant - Appellant.

─────────────

**No. 04-4546**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DAVID ELLIOTT LEEDS,

Defendant - Appellant.

─────────────

**No. 04-4547**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

IRA DEXTER MOUNT,

                                        Defendant - Appellant.

_____

Appeals from the United States District Court for the Middle District of North Carolina, at Durham. James A. Beaty, Jr., District Judge. (CR-03-474)

_____

Submitted: February 10, 2006        Decided: March 1, 2006

_____

Before LUTTIG, TRAXLER, and KING, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

_____

Thomas N. Cochran, Assistant Federal Public Defender, Greensboro, North Carolina; William L. Osteen, Jr., Greensboro, North Carolina; Ames C. Chamberlin, Greensboro, North Carolina, for Appellants. Paul Alexander Weinman, Assistant United States Attorney, Angela Hewlett Miller, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Erika Puryear, David Leeds, and Ira Mount pled guilty to one count of possession of stolen mail, in violation of 18 U.S.C. § 1708 (2000). Counsel for Appellants filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising as a potential issue that Appellants' sentences violated Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005). They argue that their sentences must be vacated because the district court treated the federal sentencing guidelines as mandatory and applied sentencing enhancements based on factual findings that were neither alleged in the indictment nor admitted by them, and the court did not consider 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005) when sentencing them. We affirm the convictions, vacate the sentences, and remand for resentencing.

In Booker, the Supreme Court held that the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. 543 U.S. at ___, 125 S. Ct. at 746, 750 (Stevens, J., opinion of the Court). The Court remedied the constitutional violation by severing two statutory provisions, 18 U.S.C.A. § 3553(b)(1) (West Supp. 2005) (requiring sentencing courts to impose a sentence within the applicable guideline range), and 18 U.S.C.A. § 3742(e) (West 2000 & Supp. 2005) (setting forth appellate standards of

- 3 -

review for guideline issues), thereby making the guidelines advisory. United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005) (citing Booker, 543 U.S. at ___, 125 S. Ct. at 756-67 (Breyer, J., opinion of the Court)).

After Booker, courts must calculate the appropriate guideline range, consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a), and impose a sentence. If a district court imposes a sentence outside the guideline range, the court must state its reasons for doing so. Hughes, 401 F.3d at 546. This remedial scheme applies to any sentence imposed under the mandatory guidelines, regardless of whether the sentence violates the Sixth Amendment. Id. at 547 (citing Booker, 543 U.S. at ___, 125 S. Ct. at 769 (Breyer, J., opinion of the Court)).

Here, the district court sentenced Appellants under the mandatory federal sentencing guidelines and established a total offense level by determining amount of loss, number of victims involved, and whether the Defendants possessed device-making equipment. The resulting guideline ranges exceeded those authorized by the admitted conduct. Thus, the sentences, based on facts found by the district court at sentencing, violate the Sixth Amendment.

In accordance with Anders, we have reviewed the entire record in these cases for any other meritorious issues on appeal

and have found none. Accordingly, although we affirm the convictions, we vacate the sentences, and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART</u>,
<u>AND REMANDED</u>